# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

CLARENDON NATIONAL INSURANCE COMPANY, a New Jersey corporation,

      Plaintiff,

    -vs-                                                              No. CIV 99-1218 LH/DJS

SHUTTLEJACK EQUIPMENT LEASING, LLC, a New Mexico corporation, BUSRIDE OF NEW MEXICO, INC., a New Mexico corporation, SHUTTLEJACK, INC., a New Mexico corporation, SHUTTLEJACK AIRPORT SERVICE, INC., a NEW Mexico corporation, ACTIVITY BUS TRANSPORTATION COMPANY, INC., a New Mexico corporation, EL CONEJO AMERICANO BUS LINE, INC., a New Mexico corporation, RAY SENA, ROSE ANN SENA, ROBERT HEUSNER, WELLS FARGO EQUIPMENT FINANCE, INC. a Minnesota corporation, GRANITE STATE INSURANCE COMPANY, a Pennsylvania corporation, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, a Pennsylvania corporation,  PAULINE CHAVEZ, MARY CATHERINE APODACA, ROSALIE SANCHEZ, LUCAS SALAZAR, JEREMY SALAZAR, GRACIELA TRETO, DEBBIE L. CARDIEL, LITA RIVERA, DEBRA OLINGER, MARCOS PADILLA, SR., GEORGINA MCGUIRE, MATTHEW MCGUIRE, THOMAS E. CLIFFORD, CAMILLE P. CLIFFORD, SCOTT ECCLES, ANNA ECCLES, JAMES C. MARTIN, CHARLOTTE G. MARTIN, PATRICK J. MARTIN, ELIZABETH NOLAN, MARK ROMERO, VELMA ROMERO, DAVID TOLAND, LOU ANN TOLAND, KENNETH WARNER, BRENDA WARNER,  and JOHN OR JANE DOE NOS. 1 TO 25,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Application for Entry of Default and Entry of Default Judgment (Docket No. 50), filed December 6, 1999, and Plaintiff's Motion for Entry of Default Judgment (Docket No. 54), filed December 10, 1999.  The Court, having considered the Application and Motion, the memoranda of the parties, the record in this matter, and the applicable law, and otherwise being fully advised in the premises, finds that the Application is moot and will be **denied** and the Motion is not well taken and will be **denied**.

Clarendon National Insurance Company ("Clarendon") filed its Complaint for Declaratory Judgment on October 20, 1999.  On December 6, 1999, Clarendon filed its Application for Entry of Default and Entry of Default Judgment, seeking entry of a default and entry of default judgment for all relief requested against Shuttlejack Equipment Leasing, LLC, BusRide of New Mexico, Inc., Shuttlejack, Inc., Shuttlejack Airport Service, Inc., Activity Bus Transportation Company, Inc., El Conejo Americano Bus Line, Inc., Ray Sena, and Rose Ann Sena ("Bus Entity Defendants") on grounds that they had been duly served with the summons and Complaint, but failed to plead or otherwise defend.  Pursuant to Federal Rule of Civil Procedure 55, the Clerk of Court may enter a default against a party who has failed to plead or otherwise defend, and may enter default judgment where the defendant has defaulted for failing to appear.  The Defendants against whom Plaintiff sought default and default judgment had failed to appear at the time Plaintiff filed its Application. These Defendants did appear, however, through entry of appearance of counsel on December 9, 1999.  Their appearance came prior to the Clerk taking action on Plaintiff's Application, thereby mooting the Application.

On December 10, 1999, Plaintiff filed its Motion seeking entry of default against the Bus Entity Defendants on grounds that they had failed to plead or otherwise defend this action.  On

December 16, 1999, the Bus Entity Defendants filed their untimely Answer.  Due to the strong policy favoring decisions on the merits and against resolution of cases through default, default judgments are generally avoided by the courts.  10 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 55.20[2][c] (3d ed. 2000).  Plaintiff has not alleged any prejudice from the Bus Entity Defendants' untimely Answer and the Court is unaware of such, noting that other Defendants filed responsive pleadings after that of the Bus Entity Defendants.  Furthermore, pursuant to continuing joint motions by the parties herein, discovery in this matter has been and continues to be stayed pending mediation efforts in the underlying state court suits.  Therefore, the Court will deny the Motion for Entry of Default Judgment.

**IT IS HEREBY ORDERED** that Plaintiff's Application for Entry of Default and Entry of Default Judgment (Docket No. 50), filed December 6, 1999, **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Entry of Default Judgment (Docket No. 54), filed December 10, 1999, is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE